**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William Clifford BARTLEY, Defendant–Appellant.**

**No. 88CA0470.**

Colorado Court of Appeals, Div. V.

March 15, 1990.

Rehearing Denied April 12, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Daniel Dailey, Deputy Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Duane M. Kline, III, Sp. Deputy State Public Defender, Boulder, for defendant-appellant.

Opinion by Judge RULAND.

The defendant, William Bartley, appeals from the judgment entered upon jury verdicts finding him guilty of second degree burglary and theft. We affirm.

While patrolling a county road, a sergeant in the sheriff's office discovered vehicle tracks leading from the county road into a private field where a grain bin was located. Further investigation revealed that grain had been removed from the bin.

The sergeant and another officer followed the tire tracks along various roads until the tracks entered the driveway to defendant's farm. It was the sergeant's opinion that the vehicle making the tracks had a trailer attached.

Officers of the sheriff's department secured an airplane and flew over the defendant's property the following morning. While in flight, the officers photographed a trailer still attached to a pickup.

Later that day the officers obtained a search warrant for the defendant's property, and based upon the information in the photographs and other evidence discovered in the search, the defendant was charged.

The sole issue on appeal is whether the trial court erred in failing to grant defendant's motion to suppress the evidence obtained from the flight over defendant's property. Defendant concedes that this evidence was not obtained in violation of the United States Constitution under the rules announced in such cases as *Florida v. Riley*, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); and *California v. Ciraolo*, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). However, relying upon the Colorado Constitution as interpreted in cases such as *People v. Sporleder*, 666 P.2d 135 (Colo.1983), defendant contends that Colo.Const. art. II, § 7 must be construed so that the flight in this case is an impermissible intrusion on the defendant's right of privacy. We disagree.

We view *Hoffman v. People*, 780 P.2d 471 (Colo.1989) as instructive and as supporting the trial court's ruling in this case. In *Hoffman*, in response to an anonymous tip, investigating officers observed growing marijuana plants in a garden behind the defendant's home. The garden could be seen from a public alley.

Both the prosecution and the defendant in that case agreed that viewing the marijuana plant from an alley did not constitute a search. Our supreme court endorsed this agreement and, citing *Florida v. Riley, supra,* and *California v. Ciraolo, supra,* stated:

"Thus, in general, a curtilage is not protected from observations that are lawfully made from outside its perimeter not involving physical intrusion."

There is no contention in this case that the flight path or altitude of the airplane violated any applicable law or regulation or that the information obtained was not visible to the naked eye. *See Florida v. Riley, supra.* Therefore, even if we assume that the objects photographed were within the curtilage on defendant's property, we are unable to conclude that Colo.Const. art. II,

§ 7 requires suppression of the information obtained from the airplane flight.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.