**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Leo Earl POLLOCK,**
**Defendant–Appellant.**

**No. 89CA1295.**

Colorado Court of Appeals,
Div. V.

June 21, 1990.

Rehearing Denied July 19, 1990.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John P. Van Ness, Aspen, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Leo Earl Pollock, appeals the judgment of conviction entered on a jury verdict finding him guilty of cultivation of marijuana. We reverse.

During an instructional flight, a deputy sheriff piloting an eight-passenger "Huey" helicopter at 500 feet discovered what he believed to be marijuana growing in defendant's backyard. Later, the deputy and another officer returned to verify the original sighting. On this flight, the helicopter descended to 200 feet, and hovered in the area for several minutes, creating enough noise that numerous people ran out of their houses to see what was going on. Once positive identification was made, a ground unit secured the area, seized the dozen or so marijuana plants growing alongside defendant's house, and charged defendant with the offense here at issue.

The sole issue on appeal is whether the trial court erred in failing to grant defendant's motion to suppress the evidence ob-

tained from the flight over defendant's property. Defendant contends that the aerial surveillance of his backyard from a helicopter 200 feet above the ground constituted a search in violation of the Fourth Amendment. We agree.

■ The touchstone of Fourth Amendment analysis is whether a person has a "constitutionally protected reasonable expectation of privacy." *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In determining whether a "search" has occurred, we must consider whether defendant has a reasonable expectation of privacy in the area in question. The legitimacy of that expectation of privacy depends, in turn, on whether defendant exhibited a subjective expectation of privacy in a particular place and whether that subjective expectation is one society recognizes as reasonable. *Hoffman v. People,* 780 P.2d 471 (Colo.1989). The existence of a legitimate expectation of privacy is determined after examining all the facts and circumstances in a particular case. *People v. Shorty,* 731 P.2d 679 (Colo. 1987).

The curtilage immediately surrounding a private home has long been given protection as a place where the occupants have a reasonable and legitimate expectation of privacy that society is prepared to accept. To defeat an expectation of privacy in the curtilage, the curtilage must be generally accessible as well as visible to the general public. *Hoffman v. People, supra.*

Here, defendant had erected an 8–foot solid wood fence around his backyard. From this, it can reasonably be assumed that the 8–foot fence was placed to conceal defendant's backyard and its contents from at least street-level view. *See California v. Ciraolo,* 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). Thus, defendant exhibited an expectation of privacy in his backyard.

Whether defendant's expectation of privacy from a helicopter flying at 200 feet is one society accepts as reasonable, however, is a separate question. *Hoffman v. People, supra.*

In its two most recent pronouncements on the issue of the constitutional rectitude of aerial observations under the Fourth Amendment, the U.S. Supreme Court has found no reasonable expectation of privacy from an airplane overflight at 1000 feet, *California v. Ciraolo, supra,* or from a helicopter search at 400 feet. *Florida v. Riley,* 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989).

Here, in its denial of defendant's motion to suppress, the trial court found that defendant's expectation of privacy was not reasonable under *California v. Ciraolo, supra.* The order stated: "[O]bservations by law enforcement officers from public navigable airspace, even when focused on a particular suspect's residence, are permissible under the Fourth Amendment ... [therefore] citizens have no reasonable right to expect that their marijuana patches, grown in the open in their backyards, will remain free from legitimate police aerial observations."

However, even the plurality in *Florida v. Riley,* while upholding the helicopter search at 400 feet, did not go that far. "Inspection of the curtilage from an aircraft [will not] always pass muster simply because the plane was within the navigable airspace specified by law." *Florida v. Riley, supra.*

■ This is a close case, but because of two critical factors in the record, we are persuaded that defendant's expectation of privacy is one that society would regard as reasonable: (1) the infrequency of helicopter flights at 200 feet, *cf. Florida v. Riley, supra* (court noted that there was nothing in the record to suggest that helicopters flying at 400 feet were sufficiently rare that respondent could have reasonably anticipated that his greenhouses would not be observed at that altitude); and (2) the excessive noise created by the helicopter as it circled the targeted area, *cf. California v. Ciraolo, supra* (court found that there was no physical intrusion by the flight of the aircraft at 1000 feet); *Florida v. Riley, supra* (court noted absence of noise or other interference with daily life). *Com-*

*pare People v. Bartley,* 791 P.2d 1222 (Colo.App.1990).

Thus, we note that, with ample record support, the trial court specifically found that "rarely, if ever would ... normal air traffic in or near the area of defendant's residence be as low as 500 or 200 feet."

Furthermore, at the suppression hearing, defendant, his wife, and two neighbors testified that the extremely loud noise of the helicopter caused them to come outside to see what was happening and six other neighbors were seen outside looking at the helicopter. Indeed, defendant's ten-year-old daughter asked, "Is the army invading us?"

Thus, on this record, with unrefuted evidence, the type of which was notedly absent in both *California v. Ciraolo* and *Florida v. Riley,* we conclude that defendant had a reasonable expectation of privacy that no such surveillance would occur.

The judgment is reversed, and the cause is remanded for a new trial.

CRISWELL and DUBOFSKY, JJ., concur.